

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2008

# Tribuwono v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2934

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Tribuwono v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1055.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1055

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2934

———————

BAMBANG TRIBUWONO,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

———————

On Review of a Decision of the
Board of Immigration Appeals
(Agency No. A96 203 898)
Immigration Judge:  Rosalind K. Malloy

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2008

Before:  BARRY, SMITH AND HARDIMAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 5, 2008)

———————

OPINION
_____

PER CURIAM

　　　Bambang Tribuwono, a native and citizen of Indonesia, was admitted to the United

States in August 2001, with authorization to remain for approximately one month.  In

2003, the Government charged him as removable for overstaying his period of admission.

<u>See</u> Immigration and Nationality Act ("INA") § 237(a)(1)(B) [8 U.S.C. § 1227(a)(1)(B)].

Tribuwono conceded the charge but sought asylum, withholding of removal, and

protection under the United Nations Convention Against Torture ("CAT"). He claimed

that a pattern or practice of persecution exists against Christian Indonesians. The

Immigration Judge ("IJ") denied Tribuwono's asylum application as time-barred, and

concluded that Tribuwono, although "completely credible," was not entitled to

withholding of removal or relief under the CAT. In support of this determination, the IJ

cited Department of State reports indicating that the Indonesian government was taking

steps to curtail interreligious violence. The Board of Immigration Appeals ("BIA")

affirmed, noting that Tribuwono testified that his family members continue to be actively

involved in their churches without incident. Tribuwono timely petitioned for review of

the BIA's order.

We have jurisdiction over the petition pursuant to INA § 242(a)(1) [8 U.S.C.

§ 1252(a)(1)], but our review in this case is limited to issues relating to the denial of

withholding of removal.[1] Because the BIA affirmed "for the reasons stated in the [IJ's]

decision" and also commented on the sufficiency of the IJ's determinations, this Court

reviews the decisions of both the BIA and the IJ. <u>See</u> <u>Xie v. Ashcroft</u>, 359 F.3d 239, 242

---

[1] Tribuwono has stated that he is not contesting the denial of his asylum application as untimely filed (a determination which, in any event, we are precluded from reviewing, <u>see</u> <u>Sukwanputra v. Gonzales</u>, 434 F.3d 627, 634 (3d Cir. 2006)), or the denial of relief under the CAT. (Petitioner's Reply Br. at 2 n.2).

(3d Cir. 2004). We review the factual determinations in these decisions under the substantial evidence standard. See Toure v. Attorney General, 443 F.3d 310, 316 (3d Cir. 2006). Under that standard, the decisions must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quoting Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001)).

For withholding of removal to a particular country under the INA, an applicant must establish by a "clear probability" that his "life or freedom would be threatened in that country because of [his] race . . . or religion." INA § 241(b)(3)(A) [8 U.S.C. § 1231(b)(3)(A)]; Chang v. INS, 119 F.3d 1055, 1059 (3d Cir. 1997). "To meet this test, the applicant must demonstrate that there is a greater-than-fifty-percent chance of persecution upon his or her return." Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998). Tribuwono attempted to meet this burden by showing that in Indonesia there is "a pattern or practice of persecution of a group of persons similarly situated" to him, *i.e.*, other Christians. 8 C.F.R. § 208.16(b)(2). "[T]o constitute a pattern or practice, the persecution of the group must be systemic, pervasive, or organized" and must be "committed by the government or forces the government is either unable or unwilling to control." Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005) (internal quotation marks omitted).

We have held that ethnically Chinese Christians do not face systemic persecution in Indonesia because the ongoing violence appears to be "wrought by fellow citizens" and

3

was not the result of "governmental action or acquiescence."[2] Lie, 396 F.3d at 537-538. Tribuwono asserts, however, that circumstances in Indonesia have deteriorated since the decision in Lie.[3] See Sukwanputra v. Gonzales, 434 F.3d 627, 637 n.10 (3d Cir.2006) (noting that Lie does not foreclose the possibility that evidence of subsequent events could establish a pattern or practice of persecution). After independently reviewing the record, we conclude that the evidence does not compel a conclusion that there is a pattern or practice of persecution on account of religion.

The IJ thoroughly considered the background material, which contains relatively recent reports and accounts of the religious conflict in Indonesia. Although that evidence describes incidents of continuing anti-Christian violence, it also documents examples of government efforts to hinder conflict and promote tolerance among Muslims and Christians. See Kayembe v. Ashcroft, 334 F.3d 231, 236 (3d. Cir. 2003) ("Just because the State Department report cuts both ways ... does not mean that it does not constitute substantial evidence."). For instance, the IJ referenced the apprehension and prosecution of religiously motivated terrorists, the facilitation of peace agreements in conflict areas, and the general absence of religious discrimination in Indonesian law. Tribuwono's

---

[2] Tribuwono, who is Javanese, argues he possesses characteristics that could lead to the perception that he is Chinese. To that extent, he asserts that his claim is based on his imputed ethnicity.

[3] The bulk of Tribuwono's arguments are based on incidents described in the 2006 Department of State Religious Freedom Report, which he attempted to introduce on appeal to the BIA. The Board refused to accept new evidence, and we will not consider the Report either. See Kamara v. Attorney General, 420 F.3d 202, 218 (3d Cir. 2005).

claim that there is a pattern or practice of persecution is further undermined by his testimony that his mother and four siblings, all of whom remain active in their churches, have not suffered any specific problems since he left Indonesia. See Lie, 396 F.3d at 537. On balance, the evidence does not point to systemic, pervasive, or organized persecution of Christian Indonesians.[4] We therefore conclude that substantial evidence supports the conclusion that Tribuwono failed to establish a pattern or practice of persecution in Indonesia.

Because Tribuwono has not demonstrated that it is more likely than not that he will be persecuted upon his return to Indonesia, we will deny his petition for review.

---

[4] Tribuwono argues that the IJ and BIA failed to consider an affidavit, executed by an official at a humanitarian agency, that provides an assessment of human rights in Indonesia. Neither the IJ nor the BIA need reference every document in the record. See Morales v. INS, 208 F.3d 323, 328 (1st Cir. 2000) ("Where, as here, the [BIA] has given reasoned consideration to the petition, and made adequate findings, we will not require that it address . . . each piece of evidence the petitioner presented."). Further, the information contained in the affidavit essentially mirrors other evidence of conditions in Indonesia.